IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL D. STRICKLAND,<br>　　　　Plaintiff | :<br>:<br>: |
| v. | :　　No.　08-1570 |
| MAHONING TOWNSHIP, MAHONING TOWNSHIP POLICE DEPARTMENT, FRANKLIN TOWNSHIP, CARBON COUNTY, OFFICER AUDIE M. MERTZ POLICE CHIEF MARK ZENKO, BRUCE L. KEIPER, CHARLES R. EIDEM, DAWN L. BLOCKER, PATRICIA SNYDER, GEORGE STAWNYCZYJ, OFFICER FRANK BUONAIUTO, ROD GREEN, LARRY SMITH, PAUL KOCHER, and RALPH and JESSICA FAHRINGER,<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>Jury Trial Demanded<br>: |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF
DEFENDANTS FRANKLIN TOWNSHIP AND OFFICER FRANK BUONAIUTO**

**I.　　INTRODUCTION**

Plaintiff, Samuel D. Strickland, filed a pro se Complaint alleging federal civil rights violations pursuant 42 U.S.C. § 1983 against a number of Defendants, including Franklin Township and Frank Buonaiuto arising from his arrest for giving a false name to police officers on November 18, 2007.[1] Plaintiff is an African-American male and accuses all the Defendants of racially-motivated conduct throughout his Complaint. Although the Complaint alleges, *inter alia*, excessive force against Officer Buonaiuto, Plaintiff subsequently admitted at his deposition that he has no excessive force claim. Furthermore, Plaintiff alleges "unwarranted arrest" and

---

[1] By Order dated November 7, 2008, Plaintiff's claims against Franklin Township Supervisors, Rod Green, Larry Smith and Paul Kocher were dismissed; only the Township and Officer Buonaiuto remain as Defendants. (Doc. 11).

unreasonable search. However, Plaintiff avers in his Complaint and admitted at deposition that he provided a false name to the police officers at the scene.

Plaintiff admits that he cannot identify the officer who removed him from the vehicle in which he was a passenger. Plaintiff cannot identify the officer who handcuffed him, nor can he identify which department's police vehicle he was placed after being handcuffed. Plaintiff ultimately plead guilty to the offense of "False Identification to Law Enforcement Officer." As regards to his claims against Franklin Township, he has failed to identify despite Plaintiff's claims of improper policies and training any policies or procedures that were unconstitutional.

For the reasons stated herein, no genuine issues of material fact exist with regard to any of Plaintiff's claims against Franklin Township or Officer Frank Buonaiuto. Therefore summary judgment should be granted, and Plaintiff's complaint should be dismissed with prejudice.

## II. FACTS

Plaintiff's allegations arise from an incident that occurred on November 18, 2007 when Strickland accompanied his brother, Craig, and his friend, James E. Rose, Jr., to the home of Ralph and Jessica Fahringer where Rose intended to return three puppies he had purchased from the Fahringers (Doc. 1, ¶ 27). Plaintiff admits to have been drinking, did not get much sleep the night before, and had fallen asleep in the backseat of the vehicle on the way to the Fahringer residence. (Doc 1, ¶¶ 28, 30, Statement of Facts ("SOF") at ¶ 10). An incident occurred regarding Rose's attempt to return the dogs while Plaintiff was sleeping that caused Rose to dial 911. (Doc 1, ¶ 31).

A number of police officers arrived at the scene where Plaintiff gave the false name of "Michael Andrews" to Officer Buonaiuto. (Doc. 1, ¶ 41); (SOF at ¶ 14). Plaintiff was arrested by Mahoning Township Police and charged with the following crimes: (1) false reports to law

enforcement officers; (2) false identification to law enforcement officers, and (3) criminal trespass. (SOF at ¶ 11).

Plaintiff admitted in his deposition that he is not alleging excessive force. (SOF at ¶ 4).

On February 1, 2007, Plaintiff plead guilty to the offense of "False Identification to Law Enforcement Officer". (SOF at ¶ 12). Plaintiff did not appeal from his guilty plea. (SOF at ¶¶ 12-13).

On July 9, 2009, a Case Management Order was entered ordering that discovery be completed by November 9, 2009, and ordering that Plaintiff provide expert reports by November 9, 2009. (Doc. 34). Plaintiff did not propound discovery on Franklin Township or Frank Buonaiuto and did not depose any witnesses. Plaintiff did not submit any expert reports. As the discovery deadline has passed, this matter is ripe for summary judgment. Plaintiff's claims against Franklin Township and Officer Buonaiuto are addressed seriatim.

### III.   STANDARD OF REVIEW

A party against whom a claim is asserted may, at any time, move for summary judgment in the party's favor as to all or any part thereof. Fed.R.Civ.P. 56(b). The standard for granting summary judgment under Rule 56 is whether, after discovery, the non-moving party has failed to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(b). The movant bears the initial burden of showing the Court that, on the evidence before it, there is no genuine issue of material fact. Celotex, 477 U.S. at 324; J.F. Feeser, Inc. v.

Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3rd Cir. 1990). In reviewing the evidence, all facts and inferences must be viewed in the light most favorable to the non-movant. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the movant has satisfied its burden, Rule 56(e) of the Federal Rules of Civil Procedure states that the non-movant may not rest on allegations or denials, but must set forth specific and supported material facts showing that there is a genuine issue for trial. Williams v. Borough of West Chester, 891 F.2d 458, 460 (3rd Cir. 1989). When considering a motion for summary judgment, the district court may rely on any material that would be admissible or usable at trial. However, if the evidence that the non-movant produces is merely colorable, or it is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An otherwise properly supported Motion for Summary Judgment will not be defeated by the mere existence of some factual dispute between the parties; instead, the nonmovant must establish that there is a dispute as to material facts to preclude entry of summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3rd Cir. 1995).

**IV.   LEGAL ARGUMENT**

    **A.   Plaintiff has failed to demonstrate a viable Fourth Amendment claim pursuant to 42 U.S.C. § 1983 against Officer Buonaiuto.**

A claim of excessive force or unreasonable seizure is analyzed under the Fourth Amendment objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To determine whether a seizure during an arrest or investigatory stop is reasonable, the Court must assess the facts and circumstances of the particular case, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

arrest by flight." Id. Therefore, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and the circumstances confronting them, without regard to their underlying intent or motivation." Id. In applying the objective reasonableness standard, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," is unreasonable under the Fourth Amendment. Id.

Claims of false arrest pursuant to Section 1983 require a plaintiff to show that he or she was arrested without probable cause. Groman v. Twp. of Manalapan, 47 F.3d 628, 634-35 (3d Cir. 1995). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354, (2001).

Plaintiff admitted he has no excessive force claim and Plaintiff cannot identify the officer who handcuffed him. (SOF at ¶¶ 4, 5). Furthermore, Plaintiff **admits** to providing a false name to the officers and understands it is illegal to do so. (SOF at ¶¶ 14, 15). Plaintiff was arrested by Mahoning Township Police and charged with several criminal offenses. (SOF at ¶ 11). Plaintiff subsequently **pleaded guilty** to the crime of "False Identification to Law Enforcement Officer" and did not challenge his guilty plea. (SOF at ¶¶ 12, 13).

Notwithstanding the fact that Plaintiff has no *excessive* force claim, Plaintiff has demonstrated *no* use of force by Officer Buonaiuto or any other officer. Also, Plaintiff cannot show he was arrested without probable cause. If Plaintiff claims that he was unlawfully or unreasonable seized, *despite* his lawful arrest, Plaintiff is unable to identify the responsible officer(s). Furthermore, there is nothing in the record to suggest Officer Buonaiuto did not act reasonably under the circumstances. Plaintiff's Fourth Amendment claims against Officer Buonaiuto must be dismissed.

B.  **Plaintiff has failed to demonstrate a viable cause of action for a Fourteenth Amendment Due Process violation against Officer Buonaiuto**

It is well established that "all claims that law enforcement officers have used excessive force...in the course of an arrest, investigatory stop or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than a 'substantive due process' approach." Graham v. Conner, 490 U.S. 386, 395 (1989). When government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate. Berg v. County of Allegheny, 219 F.3d 261 (3rd Cir. 2000).

Here, Plaintiff claims of an improper seizure fit squarely into Fourth Amendment analysis. Accordingly, there is no basis for Plaintiff's Fourteenth Amendment claim.

C.  **Plaintiff has failed to demonstrate a viable cause of action for Fourteenth Amendment Equal Protection against Officer Buonaiuto.**

To assert a valid equal protection claim, the plaintiff must allege intentional or purposeful discrimination by the defendant. Doe v. Allentown Sch. Dist., 2007 WL 2814587 (E.D.Pa. Sept.21, 2007).

Plaintiff has established no facts during discovery that demonstrate that Officer Buonaiuto somehow acted to intentionally or purposefully discriminate against Plaintiff. During Plaintiff's deposition, Plaintiff did not identify Officer Buonaiuto as having done anything at the scene. Plaintiff admitted he has no excessive force claim and Plaintiff cannot identify the officer who handcuffed him. (SOF at ¶¶ 4, 7). Furthermore, Plaintiff admits to providing a false name. (SOF at ¶¶ 14, 15). Plaintiff has **not** shown that it was his race-not the facts surrounding this incident and supplying a false name to law enforcement-that lead to the unidentified officer(s) arresting him and taking him into custody. Based upon the facts, there is no basis for the claim

that Plaintiff was the victim of racially discriminatory conduct by Officer Buonaiuto or any officer.

### D. Plaintiff has failed to demonstrate a viable § 1985 Conspiracy claim against Officer Buonaiuto and Franklin Township.

Plaintiff alleges Buonaiuto and Franklin Township, along with other defendants, acted in concert to violate his civil rights by way of both the criminal charges he faced and by way of racial discrimination.

For a plaintiff to properly allege a violation of Section 1985, a plaintiff must plead the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. 42 U.S.C. § 1985; Lake v. Arnold, 112 F.3d 682, 685 (3d Cir .1997).

Leaving aside for the moment that this claim, by its very nature, requires Plaintiff to show that various defendants decided prior to their involvement in this matter to deprive Plaintiff of his rights *and* to do so in racially discriminatory manner, which Plaintiff has not shown, Plaintiff has demonstrated **no underlying constitutional violation**. Plaintiff asserts no excessive force claim against Officer Buonaiuto (or any officer), nor has Plaintiff established a claim for unlawful arrest or seizure. (SOF at ¶¶ 4). As noted, Plaintiff pleaded guilty to "False Identification to Law Enforcement Officer". (SOF at ¶ 12). Plaintiff has failed to establish a constitutional harm, and therefore failed to demonstrate the requirements for a Section 1985 action. Cerino v. Towamensing Tp., 2009 WL 3241663, 9 (M.D.Pa.,2009)

> E. **Plaintiff has failed to demonstrate a viable supervisory liability claim against Franklin Township.**

In <u>Sample v. Diecks</u>, 885 F.2d 1099, 1118 (3d Cir.1989), the elements of a supervisory liability claim are set forth as follows: (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

It is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did. Rather, the plaintiff must identify **specific acts or omissions** of the supervisor that evidence deliberate indifference and persuade the court that there is a relationship between the identified deficiency and the ultimate injury. <u>Sample</u>, 885 F.2d at 1118.

Here, although Plaintiff's supervisory liability allegations are not entirely clear, it appears they are limited to issues of race. (Doc. 1, ¶¶ 113, 115). It appears Plaintiff is claiming Franklin Township did not properly train Buonaiuto in how to handle "situations involving minorities." (Doc. 1, ¶ 117) As set forth above, Plaintiff has not established any racially-motivated conduct by Officer Buonaiuto or any other officer. Furthermore, Plaintiff concedes that he knows nothing about the training of Officer Buonaiuto or any of the officers at the scene. (SOF at ¶ 16).

Plaintiff needs to show both discriminatory practices by Buonaiuto and indifference to those practices by the Township. <u>Brown v. Muhlenberg Tp.</u>, 269 F.3d 205 (C.A.3 Pa. 2001). Plaintiff has failed in regards to both. Plaintiff has not shown a custom of intentional discrimination and Plaintiff has not shown specific acts by Franklin Township officials that

evidence deliberate indifference to this custom and practice. It is not enough for Plaintiff to simply claim Buonaiuto was not properly trained, which is all Plaintiff has done. Plaintiff's claim for supervisory liability must fail.

### F. Plaintiff has failed to demonstrate a viable Eighth Amendment Claim against Franklin Township.

Although Plaintiff alleges an Eighth Amendment claims in his complaint, the Eighth Amendment applies only after conviction. Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir.2005). Furthermore, Plaintiff was not jailed by Officer Buonaiuto or Franklin Township. Plaintiff was incarcerated at the Carbon County Correctional Facility. (Doc. 41 (Carbon County Statement of Facts) ¶ 2). Any claims for cruel and unusual punishment Plaintiff is attempting to pursue are not properly set forth against Officer Buonaiuto or Franklin Township and must be dismissed.

### III. CONCLUSION

For the aforementioned reasons, Franklin Township and Officer Frank Buonaiuto respectfully request that this Honorable Court grant their Motion for Summary Judgment in its entirety and dismiss Plaintiff's Complaint against them with Prejudice.

        SIANA, BELLWOAR & McANDREW, LLP

By:    */s/ Christopher P. Gerber*
      Christopher P. Gerber, Esquire, ID# 76449
      Matthew R. Kline, Esquire, ID# 86922
      Attorneys for Defendants
      Franklin Township, Frank Buonaiuto

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL D. STRICKLAND,<br>   Plaintiff<br><br>v.<br><br>MAHONING TOWNSHIP, MAHONING TOWNSHIP POLICE DEPARTMENT, FRANKLIN TOWNSHIP, CARBON COUNTY, OFFICER AUDIE M. MERTZ POLICE CHIEF MARK ZENKO, BRUCE L. KEIPER, CHARLES R. EIDEM, DAWN L. BLOCKER, PATRICIA SNYDER, GEORGE STAWNYCZYJ, OFFICER FRANK BUONAIUTO, ROD GREEN, LARRY SMITH, PAUL KOCHER, and RALPH and JESSICA FAHRINGER,<br>   Defendants | No.  08-1570<br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

## CERTIFICATE OF SERVICE

  The undersigned counsel hereby certifies that on this day a true and correct copy of the Brief in Support of Motion for Summary Judgment of Defendants Franklin Township and Frank Buonaiuto was served electronically and/or by first class mail, postage prepaid, addressed as follows:

Samuel D. Strickland
227 North 15th Street
Allentown, PA 18102

Joseph Golberg, Esquire
Wendi D. Barish, Esquire
Weber, Gallagher, Simpson, Stapleton,
Fires & Newby, LLP
2000 Market Street, 13th Floor
Philadelphia, PA 19103

Gerard J. Geiger, Esquire
Newman, Williams, Mishkin, Corveleyn,
Wolfe & Fareri
712 Monroe Street
Stroudsburg, PA 18360

Ralph and Jessica Fahringer
418 Fritz Drive
Lehighton, PA 18235

**SIANA, BELLWOAR & McANDREW, LLP**

Date: 11/24/09          By:          /s/ *Christopher P. Gerber*
                                     Christopher P. Gerber, Esquire, ID# 76449
                                     Matthew R. Kline, Esquire, ID# 86922
                                     Attorneys for Defendants
                                     Franklin Township, Officer Frank Buonaiuto